UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STORMY A. R.,<br><br>               Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>               Defendant. | NO. 1:22-CV-3125-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 9, 12). Plaintiff is represented by D. James Tree. Defendant is represented by Jeffrey E. Staples. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's

work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On February 23, 2016, Plaintiff filed an application for Title XVI supplemental security income benefits. Tr. 15. The application was denied initially, and again on reconsideration. *Id*. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on January 29, 2018. *Id*. On June 19, 2018, the ALJ denied Plaintiff's claim. Tr. 12–24. Plaintiff filed an action for judicial review on July 23, 2019. On August 6, 2020, the District Court reversed and remanded the case for further proceedings. Tr. 708-23.

On December 21, 2021, a telephonic hearing was held. Tr. 592. On January 14, 2022, the ALJ denied Plaintiff's claim. Tr. 589–601.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 23, 2016, the application date. Tr. 594. At step two, the ALJ found Plaintiff had the following severe impairment: bilateral sensorineural hearing loss. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 594-95. The ALJ then

found Plaintiff had a residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> She can perform work in a quiet environment, or if noise is present, where hearing protection equipment can be worn. Also, she can occasionally communicate orally between supervisors, coworkers, and the public, as long as it can be performed face-to-face or in writing via text, email, or ordinary handwritten or typewritten notes.

Tr. 595.

At step four, the ALJ found Plaintiff did not have past relevant work. Tr. 599. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, and testimony from a vocation expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as hand packager, cleaner II, and cleaner, laboratory equipment. Tr. 600. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from February 23, 2016 through January 14, 2022, the date of the ALJ's decision. Tr. 601.

On August 12, 2022, the Appeals Council also found Plaintiff was not disabled but rejected the ALJ's finding that Plaintiff could perform other jobs that had moderate or higher levels of noise. Tr. 577–583. The Appeals Council found that Plaintiff could perform the jobs of library page and hospital cleaner. Tr. 582. This is the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the Commissioner improperly rejected Plaintiff's symptom testimony for reasons that were not clear and convincing;

2. Whether the Commissioner erred in finding Plaintiff requires "quiet" as opposed to "very quiet" work environment, contrary to medical opinion evidence; and

3. Whether the Commissioner erred at step five.

## DISCUSSION

**A.  Plaintiff's Symptom Testimony**

Plaintiff argues the Commissioner improperly rejected her symptom testimony for reasons that were not clear and convincing.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors

should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3).

      Here, the Appeals Council adopted the ALJ's finding that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the ALJ's decision. Tr. 581. In arriving at this conclusion, the ALJ considered several of the factors described above.

      The ALJ found that Plaintiff stated that she cared for her three minor children, maintained personal care independently, prepared meals, cleaned and performed household chores, washed laundry, drove a vehicle, shopped in stores, managed her finances, and was able to follow written instructions at times. Tr. 597.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1   The ALJ found that these statements indicate that the Plaintiff can maintain some
2   degree of functioning on a daily basis.  *Id*.  Additionally, the ALJ noted that
3   Plaintiff stated that she acted as the primary caretaker for three minor children,
4   which would require the ability to communicate and function within an
5   environment with some noise.  *Id*.  The ALJ credited the state agency consultants'
6   opinions that Plaintiff could perform work at all exertional levels with additional
7   environmental communication limitations.  *Id*.  These opinions were supported by
8   the medical evidence and audiogram testing.  *Id*.  The ALJ gave great weight to Dr.
9   Bruce the impartial medical expert's opinion.  *Id*.  In January of 2016, Plaintiff's
10  own treating physician stated that she did not feel the Plaintiff needed long-term
11  disability assistance.  Tr. 598 (see Tr. 434-37).  Plaintiff's providers recommended
12  continue use of communication strategies, including reducing distance and
13  background noise, facing the speaker, and eliciting rephrasing or confirmations
14  when the intended message is not clear.  Tr. 597-99.  Plaintiff was also treated with
15  bilateral hearing aids.  Tr. 599.  The ALJ also mentioned that Plaintiff did not have
16  difficulty hearing the ALJ over the phone during the hearing.  Tr. 597.

17       Because clear and convincing reasons support the ALJ's conclusion, despite
18  Plaintiff's alternative interpretation, the ALJ has not erred.

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

### B. "Quiet" as opposed to "Very Quiet" Work Environment

Plaintiff argues the Commissioner erred by finding Plaintiff could work in a "quiet" as opposed to a "very quiet" work environment. Plaintiff's citations to the record and medical providers' opinions do not support this distinction.

The Appeals Council rejected the ALJ's finding that Plaintiff could work as a hand packager, cleaner II, or cleaner, laboratory equipment because these jobs conflict with the proposed RFC limitation to quiet work environments. Tr. 582. Rather, the Appeals Council found that Plaintiff was capable of performing the jobs of library page and hospital cleaner. *Id*. These jobs are performed in quiet work environments according to the vocational expert. *Id*.

The Appeals Council accepted that Plaintiff's treating sources opined that she would need a work environment with minimal background noise. Tr. 581. The Appeals Council found that the Plaintiff is not able to work in environments with moderate or higher levels of noise even if afforded the opportunity to wear hearing protection. *Id*.

Accordingly, substantial evidence supports the Appeals Council's finding that Plaintiff could work in a "quiet" environment.

//

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

### C. Step Five

Plaintiff claims that the Commissioner has not met his burden at step five to show a significant number of jobs in the national economy the Plaintiff is able to perform. Plaintiff claims the vocational expert was unable to quantify the full-time number of library page jobs and that the hospital cleaner jobs could include using noisy equipment.

If a claimant cannot perform his or her past relevant work, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. § 416.920(d)-(e). To do so, the ALJ may employ the testimony of a vocational expert. *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000).

Here, the vocational expert testified that the hospital cleaner job is performed in a quiet work environment. Tr. 661. While the DOT suggests that the hospital cleaner job may share some overlap with a general "cleaner" in other industries, it also confirms that the hospital cleaner can expect a "quiet" work environment. *Cleaner, Hospital*, 1991 WL 672782 ("Noise Level: Level 2 – Quiet"). The vocational expert did not quantify the number of full-time library page jobs, but the Commissioner has met his burden with identifying the hospital cleaner job, which constitutes a significant number in the national economy.

## CONCLUSION

Having reviewed the record and the Commissioner's findings, this Court concludes the decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

DATED February 28, 2023.



THOMAS O. RICE
United States District Judge